SUPERIOR COURT 
 
 GUSTAVO GERMAN VS. LEE L. RUBIN & others [1] [#4]

 
 Docket:
 SUPERIOR COURT CIVIL ACTION NO. 16-01640
 
 
 Dates:
 July, [blank], 2017
 
 
 Present:
 Elizabeth Fahey, Justice of the Superior Court
 
 
 County:
 MIDDLESEX
 

 
 Keywords:
 MEMORANDUM OF DECISION AND ORDER ON PLAINTIFF'S EMERGENCY MOTION FOR AN ORDER DISALLOWING ADMINISTRATIVE PROCEEDINGS 
 
 

 INTRODUCTION 
The pro se plaintiff; Gustavo German ("German"), obtained a harassment prevention order, pursuant to G.L. c. 258E, on August 25, 2016. The most recent revision of that order was issued on December 5, 2016. See Paper No. 78.
Before this court is German's Emergency Motion for an Order Disallowing Lee L. Rubin and/or Any Employee at Harvard Corporation to Initiate Administrative Proceedings Against Plaintiff without Leave of Court ("Motion"). For the reasons below, the Motion is ALLOWED nunc pro tune to May 4, 2017. 
PROCEDURAL BACKGROUND  
The Motion was filed on an emergency basis on May 4, 2017, after German was put on notice that administrative proceedings were underway, which could lead to his ultimate removal from Harvard as a Ph.D. candidate. President & Fellows of Harvard College ("Harvard") and Lee L. Rubin ("Rubin") filed a response and opposition to the Motion on May 11, 2017. Harvard filed a written request for hearing, but did not call the court to obtain a hearing on an expedited basis. A flurry of additional motions and oppositions were filed in the two weeks following May 10, 2017 
--------------------------- 
[1] David Lopes Cardozo and President & Fellows of Harvard College 
1 
related to Harvard's withdrawal of German, and a hearing was held on all such motions on May 30, 2017. As concerns the instant Motion, following the hearing, this court declined to act, writing a margin order that states, "This Court was first alerted by the RAJ on 5/30/17 to participate in the hearing scheduled for 5/30/17, by which time Harvard had already acted. No action taken at this time." The action to which the order referred was Harvard's withdrawal of German from the university on May 16, 2017.
This court now takes up German's Motion. 
FACTUAL BACKGROUND [2] 
On December 5, 2016, this court issued its most recent revision of the harassment prevention order in this case. See Paper No. 78 ("Order"). It provided, in relevant part, that German was to "immediately be fully restored to and remain in his position and research in the Rubin Lab," and that "German shall remain working in the Rubin Lab, supervised by [] Dr. Rubin." See id. at pars. 2, 3.
On March 2, 2017, German's program advisors requested that German hold a Dissertation Advisory Committee ("DAC") meeting. On March 3, 2017, German agreed to hold the DAC meeting on March 30, 2017, on the condition that Sheila Thomas, whom Harvard had designated as German's interim thesis advisor, not attend as German believed the Order required Rubin to be his thesis advisor. On March 6, 2017, the program administrators informed German "as a condition for the DAC meeting that German accept to have a new thesis advisor in Rubin's stead." German rejected the condition and refused to attend the DAC meeting, stating it would violate the court's 
--------------------------- 
[2] This court relies not only on the facts recited in the Motion, but also those alleged in German's Verified Complaint for Civil Contempt (Paper No. 124). 
2 
Order that directed he was to be "supervised by Dr. Rubin." On March 10, 2017, German emailed his DAC, the program advisors, and Rubin (through counsel) objecting to the requirement that Rubin be replaced as his thesis advisor and expressing his concern that it violated the court's Order. German was also concerned that replacing his thesis advisor may alter the already approved schedule for completing his research. Even if the new thesis advisor were not acting in bad faith, "he or she may have a different scientific understanding (or misunderstanding) than the one German agreed [to] with Rubin and his DAC."
In response, Harvard and Rubin both took the position that the court had not ordered Rubin to be German's thesis advisor. Dean Garth McCavana then told German if he would not agree to hold the DAC, and replace his thesis advisor, German would face administrative proceedings and possible withdrawal from the university. On March 30, 2017, German again emailed his program advisors and Dean McCavana stating his objection to holding the DAC meeting "to assign German a new thesis advisor" and his belief that doing so would violate the Order.
On April 6, 2017, Harvard, through Dean McCavana, initiated administrative proceedings against German and threatened him with academic probation. On April 25, 2017, Harvard placed German on academic probation.
On May 16, 2017, following the filing of the instant Motion, and without waiting for the court to schedule a hearing, Harvard withdrew German from his graduate program and disaffiliated him from the university. Although Harvard claims in open court that it has invited German to reapply, Harvard and its faculty have told German he is no longer a student at Harvard and have denied him access to the facilities he needs for his research, his mouse colony, and the animal testing facility. 
3 
DISCUSSION 
German's Motion amounts to an emergency request to enforce this court's December 5, 2016 Order. Every court of superior jurisdiction in this Commonwealth has the inherent power to compel obedience to its decrees. E.g., New England Novelty Co. v. Sandberg, 315 Mass. 739, 746 (1944). See Mass. R. Civ. P. 70.
The central question this court needs to address is whether Harvard's institution of administrative proceedings against German, and its eventual withdrawal of German from the university for failure or refusal to hold the DAC meeting, the express purpose of which was to assign a new "thesis advisor" to German, would have violated the December 5, 2016 Order.
The December 5, 2016 Order provided that German was to "immediately be fully restored to and remain in his position and research in the Rubin Lab," and that "German shall remain working in the Rubin Lab, supervised by [] Dr. Rubin." See Paper No. 78 at pars. 2,3.
This court finds that the action by Harvard, without modification of the December 5, 2016 order, or leave of court, would have violated the express language of the order. Further, this court finds Harvard's action was an attempt to frustrate the clear language, and well known objective, of the December 5, 2016 Order. Harvard has participated in these proceedings since September 2016. It was well aware of the obligations imposed by the December 5, 2016 Order. Further, German communicated repeatedly with Harvard officials and employees his willingness to hold the DAC meeting provided there was no attempt by Harvard to change his academic/thesis advisor. This court finds that Harvard's decision to engage in proceedings to disaffiliate German from the university, without seeking leave of court, where German based his objection on the language of this court's Order, violated the Order and should be legally unwound so that German may resume the position 
4 
he occupied prior to the administrative proceeding.
As this court has repeatedly said, the goal of the harassment prevention order, and subsequent amendments thereto, remained clear and unchanged throughout these proceedings: to return German to the status quo he enjoyed as of March 10, 2016, and allow him to complete his research, thesis, and his Ph.D. [3]
This court does not credit Harvard's arguments that (a) it was free to ignore the Order prior to May 31, 2017, (b) that the terms of the Order exceed this court's authority under G.L. c. 258E, or © that German's removal was an emergency "of Mr. German's own making." Instead, this court agrees with German, that the crisis caused by Harvard's complete frustration of the terms and clear intent of the court's December 5, 2016 order was an emergency completely of Harvard's own making. By withdrawing German, Harvard knew he would be unable to complete his research, thesis, or Ph.D., as he was doing prior to Rubin's harassment, per the Order.
While Harvard is correct that German was not exempted from the requirements of his academic program, on this record, it is not clear that he has violated those requirements. German offers a convincing argument that he was not required to hold a DAC meeting, as one was not due, but he was open to doing so, at Harvard's request, as long as that meeting did not violate the terms of the December 5, 2016 Order. This court is not, as Harvard argues, attempting to "assume 
--------------------------- 
[3] See Paper No. 33 ("During the hearing on September 6, 2016, this court learned that plaintiff has not yet been fully restored to his position as of [sic] March 2016. Should that still be the case by September 16, 2016, the plaintiff may request a further hearing... at which [Rubin] and Harvard will submit a pleading/affidavit as to what efforts have been made to fully restore plaintiff to the position he was in in March 2016 and why that has not yet occurred."); Paper No. 50 ("Until plaintiff has completed his research to his satisfaction, including a thesis he is willing to submit for publication, plaintiff is not to be transferred from the [lab] without plaintiff's consent or court order."); Id. ("Harvard agrees that it will work with German and do everything it can to be sure that he promptly has the necessary equipment for his research."); Paper No. 58 (Prior court orders were "issued to restore Plaintiff to a lab at Harvard where he had been banned by Harvard since June 6, 2016, so he may complete his research and achieve his Ph.D."). 
5 
management of Mr. German's Academic program" or unnecessarily "interfere with Harvard's Enforcement of its Academic Rules and Policies." Far from it. This court is not ordering Harvard to give German his Ph.D. The court is only looking at the clear language of its Order and the actions of Harvard, and trying to effectuate the status quo German is entitled to under this court's Order.
Placing German on academic probation for failing to attend a DAC meeting, under these circumstances, has the appearance of a pretext. It is clear to this court that, by their actions, neither Rubin nor Harvard have much interest in restoring German to the status quo he enjoyed on March 10, 2016. Nevertheless, that has been the clear intent of every order issued by this court since August 25, 2016.
Harvard was aware of the Order and its purpose, had ample opportunity to seek modification or clarification if it felt it had cause to alter German's status as a graduate student at the Rubin Lab, but nevertheless chose to remove German while ignoring German's valid concerns and argument that forcing him to change his thesis advisor violated the Order. All German has sought is the chance to resume his research and continue his work in the same position he was in prior to the harassment by Rubin. It appears to this court that as of today, ten months after this court ordered just such relief for German, Harvard and Rubin continue to frustrate German's efforts. 
ORDER 
It is, therefore, ORDERED that Plaintiff's Emergency Motion For an Order Disallowing Lee L. Rubin and/or Any Employee at Harvard Corporation to Initiate Administrative Proceedings Against Plaintiff without Leave of Court is ALLOWED, nunc pro tunc to May 4, 2014, the original date of German's request for relief. Further, additional relief granted to German on the basis of this motion is provided in the Revised Order, issued this day as a separate document.